1090-20532                                                                                                                              #1433593

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHEM CARRIERS, L.L.C.** | **CIVIL ACTION NO:** 19-436 |
| **VERSUS** | **DISTRICT JUDGE:** |
| **L. ENERGY INTERNATIONAL, LLC** | **MAGISTRATE JUDGE:** |

## COMPLAINT FOR BREACH OF CHARTER

NOW INTO COURT, through undersigned counsel comes Chem Carriers, L.L.C., domiciled in the parish of Iberville, and respectfully represents that:

I.

Made defendant herein is L. Energy International, LLC, a corporation incorporated under the laws of the state of Texas, and registered to do business in the State of Louisiana, with its principal business establishment in Louisiana located in Lafayette, LA.

II.

Plaintiff, Chem Carriers, L.L.C., is a limited liability corporation organized under the laws of the state of Louisiana and is duly authorized to do and is doing business within the jurisdiction of the United States District Court for the Middle District of Louisiana, with its principal place of business located in Sunshine, Louisiana.

III.

This is an admiralty and maritime claim for breach of charter within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1333.

IV.

This court has personal jurisdiction over the defendant because it regularly and systematically conducts business within the State of Louisiana and for the following reasons: defendant obtained a Certificate of Authority to conduct business in Louisiana and, as a requirement to obtaining a Certificate of Authority, designated a registered agent to accept service of process in this State. By registering to do business in the State of Louisiana, defendant consented to and purposefully availed itself of the jurisdiction of the Courts of Louisiana over its person.

V.

This court has specific personal jurisdiction over the defendant because it is amenable to service of process through its registered agent for service of process in Louisiana or, alternatively, under Louisiana's long-arm statute, La. Rev. Stat. Ann. § 13:3201.

VI.

Pursuant to the Louisiana Long-Arm Statute, this court may exercise personal jurisdiction over the defendant because it 1) transacts business in Louisiana 2) entered into a contract to supply goods which was formed in Louisiana and 3) breached a contract causing injury to plaintiff in this state.

VII.

This action involves an actual controversy between the parties which requires immediate resolution by this Honorable Court.

VIII.

Plaintiff and defendant entered into a Charter Agreement on December 18, 2018, where the Chem Carriers, L.L.C. was to deliver Ultra Low Sulfur Diesel to an agreed upon port of

discharge at a day rate plus fuel, fuel taxes and lubes, fleet, harbor fee's, and pass through's, attached hereto as Exhibit "A".

IX.

Chem Carriers, L.L.C. delivered to defendant, certain goods, merchandise, and/or services sold and/or provided to L. Energy International, LLC in connection with the Charter Agreement entered into by both parties on December 18, 2018.

X.

Plaintiff sent eight invoices to defendant for services rendered under the Charter Agreement between March 2, 2019 and May 31, 2019, all of which remain unpaid according to Chem Carriers, L.LC.'s Outstanding Invoices Plus Interest spreadsheet attached hereto as Exhibit "B".

XI.

Defendant, L. Energy International, LLC, is truly and justly indebted to and unto the plaintiff in the amount of $719,525.43, after applying all just credits, as reflected in Exhibit "B" and incorporated herein by reference, together with legal interest from the date of judicial demand until paid, and for all costs incurred in these proceedings.

XII.

Plaintiff hereby demands payment in full from L. Energy International, LLC in the amount of $719,525.43, plus accruing interest, until the debt is paid in full.

XIII.

Plaintiff avers that defendant has acknowledged the debt.

XIV.

Plaintiff avers that the defendant should be cast in judgment for all court costs incurred in these proceedings.

XV.

Plaintiff further avers that it should be awarded reasonable attorney's fees in accordance with the bad faith exception of 28 U.S.C. § 1927 and/or Louisiana's Open Accounts Statute, LA R.S. 9:2781.

**WHEREFORE,** plaintiff prays that the defendant be served with a certified copy of this Complaint, be cited to appear and answer same, and after due proceedings had, that there be judgment herein in favor of the Plaintiff, and against the defendant, in the amount of $719,575.43, together with legal interest from the date of judicial demand, plus court costs and attorney's fees incurred by plaintiff in bringing this matter to Court, and any further costs incurred in collecting the sums found due to plaintiff in these proceedings.

Respectfully submitted,

*/s/ Salvador J. Pusateri*
Salvador J. Pusateri, T.A. (#21036)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Salvador.Pusateri@pjgglaw.com
**ATTORNEYS FOR CHEM CARRIERS, L.L.C.**