**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| CHEM CARRIERS, L.L.C. | CIVIL ACTION |
| VERSUS | 19-436-SDD-RLB |
| L. ENERGY INTERNATIONAL, LLC | |

### **RULING**

This matter is before the Court on the *Motion to Set Aside Default*[1] by the Defendant, L. Energy International, LLC ("Defendant"). The Plaintiff has filed an *Opposition*[2] to the Defendant's *Motion*.

## I. BACKGROUND

Plaintiff Chem Carriers, L.L.C. ("Plaintiff") filed a breach of contract claim against Defendant on July 3, 2019.[3] It is undisputed that a summons was issued to Defendant's properly registered agent for service, Northwest Registered Agent, LLC ("Registered Agent").[4] On July 30, 2019, the Plaintiff successfully moved for an entry of default, as Defendant had not made any appearance in the matter.[5] The Plaintiff then moved for a default judgment on August 14, 2019, which is pending before the Court.[6] The Court now addresses the *Motion to Set Aside Default* filed by the Defendant on October 30, 2019.[7]

---

[1] Rec. Doc. 13.
[2] Rec. Doc. 21.
[3] Rec. Doc. 13-1 p. 1.
[4] *Id.*
[5] *See* Rec. Docs. 6, 7.
[6] *See* Rec. Doc. 8.
[7] Rec. Doc. 13.

58823

## II.    LAW AND ANALYSIS

### A.  Default Judgment

After the Clerk of Court has found a defendant to be in default, the Court may, upon motion by a plaintiff, enter a default judgment against the defaulting defendant.[8] Default judgments are "generally disfavored in the law" in favor of a trial upon the merits.[9] Indeed, default judgments are considered "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.... [T]hey are 'available only when the adversary process has been halted because of an essentially unresponsive party.'"[10] Even so, this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion."[11] In accordance with these guidelines, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."[12]

An entry of default may be set aside where there is good cause to do so.[13] This determination is "committed to the sound discretion of the trial court."[14] Generally, favoring trial on the merits,[15] district courts "should grant motions to set aside a default unless the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious

---

[8] Rec. Doc. 13.
[9] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger–Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir.1984)).
[10] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.Cir. 1970)).
[11] *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (internal citations omitted).
[12] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996); *see also Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.").
[13] FED. R. CIV. P. 55(c).
[14] *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).
[15] *Id.*

defense."[16] The first and third factors in this analysis may be treated as dispositive.[17] Although an entry of default has been made and the plaintiff has moved for default judgment, the Court will first consider the grounds for setting aside default to determine whether the default itself will remain.[18]

### B. Setting Aside Default

The Defendant alleges that it never received any direct service of lawsuit documents.[19] The Defendant's employee who is responsible for receiving electronic communications from the Registered Agent claims that email notifications from the Registered Agent regarding the lawsuit were sent to his "spam" folder.[20] The Defendant's employee who is responsible for receiving and opening physical mail avers that she never received mail containing any paper copies of lawsuit documents.[21] The Defendant argues that based on these facts, good cause exists for each of the three factors laid out by the Fifth Circuit.[22] In response, the Plaintiff contends that setting aside default without providing the Plaintiff with an opportunity to depose and cross-examine the witnesses relied upon by the Defendant would be prejudicial to the Plaintiff.[23] The Plaintiff also asserts that the Defendant lacks any meritorious defenses.[24]

First, the Court finds that the Defendant did not willfully avoid litigation. For the

---

[16] *Moreno v. LG Electronics, USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (citing *In re Dierschke*, 975 F.2d at 183-84; *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183-184 (5th Cir. 1985)).
[17] *Pelican Renewables 2, LLC v. Directsun Solar Energy & Tech., LLC*, 325 F.R.D. 570, 575 (E.D. La. 2016) (citing *In re Chinese Manufactured Drywall Products Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014); *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 120 (5th Cir. 2008).
[18] *See Warner v. Talos ERT, LLC*, 2019 WL 3890799 at *1 (W.D. La. 2019).
[19] Rec. Doc. 13-1.
[20] *Id.* at p. 2; Rec. Doc. 13-5 p. 1 (Affidavit of Alex Colon).
[21] *Id.*; Rec. Doc. 13-6 p. 1 (Affidavit of Kristen White).
[22] Rec. Doc. 13-1 p. 6-8.
[23] Rec. Doc. 21-1 p. 3.
[24] *Id.* at p. 3-4.

58823

Defendant's actions to be willful, the Defendant must have known about the lawsuit and must have deliberately chosen not to respond. The Defendant here asserts that it was unaware of the pending litigation against it, and its failure to become apprised of the litigation is nothing beyond innocent inadvertence at best and mere negligence at worst. Second, the Court finds that the Plaintiff will not be prejudiced by setting aside default. No injustice will be suffered by the Plaintiff, and mere delay is insufficient to constitute prejudice.[25] Third, the Defendant asserts a plausible defense, as the facts set forth by the Defendant constitute a plausible defense sufficient to support a finding on the merits.[26] The Defendant proffers "definite factual allegations" pertaining to the contents of the contract between it and the Plaintiff, and the Defendant also asserts counterclaims against the Plaintiff.[27] Altogether, there is no basis to support such a drastic remedy as a default judgment.

### III. CONCLUSION

For the reasons set forth above, Defendant's *Motion to Set Aside Default*[28] is GRANTED. In light of this Ruling, the Plaintiff's *Motion for Default Judgment*[29] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana on this  19th day of February, 2020.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[25] *In Re: OCA, Inc.*, 551 F.3d 359 (5th Cir. 2008); *Lacy*, 227 F.3d at 293. *See also Warner*, 2019 WL 3890799 at *4.
[26] *Scott v. Carpanzano*, 556 Fed. Appx. 288, 296 (5th Cir. 2014) (citing *Lacy*, 227 F.3d at 293).
[27] *Jenkens & Gilchrist*, 542 F.3d at 122. *See* Rec. Doc. 13-1 p. 2-3.
[28] Rec. Doc. 13.
[29] Rec. Doc. 8.

58823