UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHEM CARRIERS, L.L.C.                                          CIVIL ACTION

VERSUS                                                               19-436-SDD-SDJ

L. ENERGY INTERNATIONAL, LLC

### RULING

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendant, L. Energy International, LLC ("Defendant"). Chem Carriers, L.L.C. ("Plaintiff") has filed an *Opposition*[2] to this motion.[3] For the reasons which follow, the Court finds that it lacks personal jurisdiction over Defendant, and the Rule 12(b)(2) motion will be granted.

**I.    BACKGROUND**

The facts alleged by the parties are as follows. Defendant is a "fuel wholesaler and trader, and its business is buying and selling fuel in and near the Texas Gulf Coast for sale in Texas and Mexico."[4] Plaintiff is a company specializing in transportation services.[5] Plaintiff and Defendant entered into a contract on December 18, 2018, wherein the parties agreed that Plaintiff would transport Ultra Low Sulfur Diesel from Corpus Christi, Texas to Harlingen/Brownsville, Texas.[6] Both parties argue that the other party did not perform as agreed under the contract: Plaintiff contends that Defendant did not pay for services

---

[1] Rec. Doc. No. 12.
[2] Rec. Doc. No. 20.
[3] Rec. Doc. No. 12.
[4] Rec. Doc. 12-1 p. 5-6.
[5] *See* Rec. Doc. 20-1 p. 1.
[6] Rec. Doc. 12-1 p. 5; Rec. Doc. 20-1 p. 1.
59105

rendered between March 2, 2019 and May 21, 2019,[7] whereas Defendant contends that Plaintiff's performance was deficient, specifically regarding the frequency and quality of transportation services.[8]

Plaintiff filed a breach of contract claim against Defendant on July 3, 2019.[9] Defendant filed the present *Motion to Dismiss* under Rule 12(b)(2) on October 30, 2019; afterward, Defendant filed an *Answer* and asserted a counterclaim against Plaintiff on July 27, 2020.[10] Plaintiff filed a *First Amended Complaint* on May 6, 2020.[11] The Court now turns to Defendant's *Motion to Dismiss*.

## II.    LAW AND ANALYSIS

### A.  Rule 12(b)(2)

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the nonresident.[12] When a district court rules on a motion to dismiss without an evidentiary hearing, the plaintiff need only present a *prima facie* case of personal jurisdiction.[13] At this stage, uncontroverted allegations in the complaint must be taken as true, and conflicts between the parties' affidavits must be resolved in the plaintiff's favor.[14] To aid resolution of the jurisdictional issue, a court "may receive interrogatories, depositions or any

---

[7] Rec. Doc. 20-1 p. 1.
[8] Rec. Doc. 12-1 p. 7.
[9] Rec. Doc. 1.
[10] Rec. Doc. 24.
[11] Rec. Doc. 32.
[12] *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985); *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 332 (5th Cir.1982), *cert. den.*, 450 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983).
[13] *Trinity Indus., Inc. v. Myers & Assoc., Ltd.*, 41 F.3d 229, 230–31 (5th Cir.1995) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 [1985], and *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773 (5th Cir.1986), *cert. den.*, 481 U.S. 1015 (1987).
[14] *D.J. Inv., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir.1985).
59105

combination of the recognized methods of discovery . . . But even if the court receives discovery materials, unless there is a full and fair hearing, it should not act as a fact finder and must construe all disputed facts in the plaintiff's favor and consider them along with the undisputed facts."[15]

### B. Jurisdictional Discovery

In opposing Defendant's motion, Plaintiff does not argue a *prima facie* case of personal jurisdiction. Rather, Plaintiff requests the opportunity for discovery to determine the extent of Defendant's contacts. "When a party seeks jurisdictional discovery, the Court has discretion as to the type and amount of discovery to permit."[16] "Discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact."[17] But a party seeking jurisdictional discovery cannot escape their burden of demonstrating a *prima facie* case for personal jurisdiction:

> [T]he movant must make a "preliminary showing of jurisdiction" which includes "factual allegations that show with reasonable particularity the possible existence of [personal jurisdiction]."[18]

Plaintiff's failure to provide a *prima facie* showing of personal jurisdiction renders the Court unable to determine the appropriateness of limited jurisdictional discovery. While Defendant provides extensive argument that the Court lacks both specific and general

---

[15] *Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (holding that a district court erred in requiring a plaintiff to establish more than a prima facie case even after a limited pretrial evidentiary hearing) (internal citations and quotations omitted).
[16] *Sinclair v. StudioCanal, S.A.*, 709 F.Supp. 2d. 496, 510 (E.D. La. 2010) (citing *Walk Haydel*, 517 F.3d at 241).
[17] *Kelly v. Syria Shell Petroleum Development B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)).
[18] *Head v. Las Vegas Sands, LLC*, 298 F.Supp. 3d 963, 967 (S.D. Tex. 2018) (quoting *Fiduciary Network, LLC v. Buehler*, 2015 WL 2165953 at *4 (N.D. Tex. 2015)). *See also Evergreen Media Holdings, LLC v. Safran Co.*, 68 F.Supp. 3d 664, 685 (S.D. Tex. 2014).
59105

personal jurisdiction, in addition to a lack of consent to jurisdiction,[19] Plaintiff does not provide any argument. Specifically, Plaintiff's sole argument is a tenuous analysis of Defendant's decision to acquire a certificate of authority under LA. REV. STAT. 12:1342, which at best indicates the possibility that Defendant has perhaps transacted some business in Louisiana.[20] Moreover, while Defendant submits the Affidavit of Steve McNear, Defendant's sole member, and the Charter Agreement for the Court's consideration,[21] Plaintiff only re-submits the Charter Agreement,[22] and there is no other information in the record from which the Court can deduce a conclusion as to whether there is personal jurisdiction over Defendant. Plaintiff cannot simply request jurisdictional discovery without first providing the Court with a "preliminary showing of jurisdiction," which Plaintiff has failed to do. Consequently, Plaintiff's request for jurisdictional discovery is DENIED.

### C. Alternative Request to Transfer

Plaintiff requests in the alternative that the present case be transferred to the United States District Court for the Southern District of Texas.[23] Defendant does not argue that the Court ought to dismiss rather than transfer the case to the Southern District of Texas.[24] Plaintiff argues that Defendant is a Limited Liability Company organized under the laws of Texas with its principal place of business in Houston, Texas, located within the Southern District of Texas.[25] Defendant contends the same.[26] Therefore, because the

---

[19] *See generally* Rec. Doc. 12-1.
[20] Rec. Doc. 20-1 p. 2-3.
[21] *See* Rec. Docs. 12-2, 12-3.
[22] *See* Rec. Doc. 20-2.
[23] Rec. Doc. 20-1 p. 3.
[24] *See* Rec. Doc. 12-1 p. 15.
[25] Rec. Doc. 20-1 p. 3.
[26] Rec. Doc. 12-1 p. 5.
59105

Southern District of Texas is a forum where the action might have been brought, Plaintiff's alternative request to transfer the case to the Southern District of Texas shall be GRANTED under 28 U.S.C. § 1404(a).

## III.  CONCLUSION

The Court acknowledges that Defendant's Motion is meritorious; however, because the Court is granting Plaintiff's alternative request for relief in transferring the case, the Court will deny the *Motion to Dismiss* without prejudice as moot.

For the reasons set forth above, this case shall be TRANSFERRED to the United States District Court for the Southern District of Texas. Defendant's *Motion to Dismiss*[27] under Rule 12(b)(2) is DENIED as moot.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana this 24th day of September, 2020.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[27] Rec. Doc. No. 12.
59105